**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RANDY WADLINGTON
ADC #091670**                                                                     **PETITIONER**

**VS.**                        **CASE NO. 5:16-CV-261-BD**

**WENDY KELLEY, Director,
Arkansas Department of Correction**                         **RESPONDENT**

**ORDER**

**I.**     **Background**

Petitioner Randy Wadlington brings this petition claiming that the Arkansas Parole Board violated a state-created liberty interest when it denied his requests for release to Arkansas Community Correction ("ACC") on May 21, 2015, and again on May 17, 2016.

Union County Circuit Court Judge Hamilton Singleton revoked Mr. Waddington's probation and sentenced him to 120 months' imprisonment for failing to register as a sex offender. (#9-2) Mr. Wadlington was released to the supervision of Arkansas Community Correction ("ACC") on June 10, 2013. (#9-3 at p. 1) On October 14, 2014, Mr. Wadlington was charged with violating the conditions of his parole. (#9-3) He waived his right to a revocation hearing and admitted violating the conditions of his release. (#9-4) His transfer to the ACC was revoked, and he was returned to the ADC, where he remains.

**II.** **Discussion**

A federal court may entertain a State prisoner's petition for writ of habeas corpus only on grounds that he is in State custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If Mr. Wadlington does not allege that he is in custody in violation of federal law, this Court cannot decide the claims, and they must be dismissed.

Mr. Wadlington contends that Arkansas Code Annotated, §16-93-615(a)(2)(B) creates a liberty interest in parole and gives the parole board only two options: (1) grant parole; or (2) deny parole and accompany the denial with a course of action to rectify its concerns. Mr. Wadlington asserts that, upon completion of the course of action, the statute provides that the parole board "shall authorize" the inmate's parole and argues that the "mandatory provision" creates a liberty interest. (#2 at p. 4)

Respondent counters that Mr. Wadlington's claim cannot be the basis for habeas relief because Arkansas's parole statutes, including § 16-93-615(a)(2)(B), do not create a liberty interest in early release from confinement. (#9 at pp. 4-7) Additionally, Respondent observes that, following Mr. Wadlington's parole revocation in 2014, the parole board was not required to apply 16-93-615(a)(2)(B)(I-ii) to determine his parole eligibility.

An inmate has no liberty interest in the *possibility* of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011). Mr. Wadlington has a liberty interest in

release at the expiration of his sentence; he does not have a liberty interest in the possibility of a conditional release prior to the expiration of his sentence. See *Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 862 (2011)(the federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence).

The Due Process Clause itself does not create a protected liberty interest in parole or release before expiration of a validly imposed sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Further, nothing in the Arkansas statutes governing parole creates anything more than a mere possibility of parole; thus, the statutes do not establish any right to release on parole so as to trigger due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984);[1] see also *Hamilton v. Brownlee*, 237 F. Appx 114, 115 (8th Cir. 2007)(citing ARK. CODE ANN. § 16-93-701(a)(1) (2006)(other citations omitted)).

Mr. Wadlington points to *Whiteside v. Arkansas Prole Board*, 492 Ark. 489, 2016 WL 3007628 (May 19, 2016), as support for his claim that §16-93-615(a)(2)(B)(i-ii) is a "mandatory, non-discretionary" provision that creates a liberty interest. In *Whiteside*, the Arkansas Supreme Court affirmed that there is "no liberty interest in parole in Arkansas."

---

[1] In *Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984), the Eighth Circuit Court of Appeals held that Arkansas Board of Parole Regulation 3.09 created a liberty interest in parole. *Id.* at 661. The Court went on to explain that due process required that the Board provide more than "boiler plate" language in denying a parole request. *Id.* at 662. Following the Court's decision in *Parker*, the Board has revised its regulations.

*Whiteside v. Arkansas Parole Bd.*, 2016 Ark. 217, *2 (2016); (citing *Carroll v. Hobbs*, 2014 Ark. 395, 442 S.W.3d 834 (per curiam)).   Under the circumstances of Mr. Whiteside's case, the Court declined to decide, however, whether §16-93-615(a)(2)(B)(i-ii) creates a liberty interest in parole because Mr. Whiteside had not established facts to demonstrate that he had met the criteria to qualify for transfer. *Id*. at *3.  Accordingly, the holding in *Whiteside* does not support Mr. Wadlington's position.

This Court recently rejected Mr. Wadlington's argument that §16-93-615(a)(2)(B)(i-ii) creates a liberty interest in the possibility of obtaining parole. *Rhodes v. Kelley*, No. 5:15CV00225-BRW-JTR, 2016 WL 2865374, at *2-5 (E.D. Ark. Apr. 22, 2016), report and recommendation adopted, No. 515CV00225BRWJTR, 2016 WL 2755450 (E.D. Ark. May 11, 2016).  The Court found that, despite the language in §16-93-615(a)(2)(B)(i-ii), the Arkansas Parole Board retains discretion to determine whether "there is a reasonable probability an inmate can be released without detriment . . . and [is] willing to fulfill the obligations of a law-abiding citizen." *Id*. at *4 (quoting ARK. CODE ANN. § 16-93-701).

Respondent also contends that the parole board was not required to apply §16-93-615(a)(2)(B)(i-ii) to Mr. Wadlington's case following his revocation.  Arkansas statutes provide that, "an offender who is judicially transferred to a Department of Community Correction facility and subsequently transferred back to the Department of Correction by the board for disciplinary or administrative reasons may not become eligible for any

further transfer under § 16-93-614(c)(2)(E) and (F)." ARK. CODE ANN. § 16-93-617. Mr. Wadlington acknowledged this when he waived his revocation hearing. The acknowledgment Mr. Wadlington signed reads, "[M]y current 'regular' parole eligibility date as Class 1 is: past. I understand that I will not automatically be released at that time and that I may be required to serve the remainder of my sentence in its entirety." (#9-4)

Mr. Wadlington has not established that his parole eligibility is to be governed by § 16-93-615(a)(2)(B)(i-ii) or that this section of the Arkansas parole statutes creates a protected liberty interest. Accordingly, he has not alleged a violation of the Constitution or federal law, and this Court cannot grant relief on his petition.

### III. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Wadlington has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Mr. Wadlington has not provided a basis for issuing a certificate of appealability. Accordingly, a certificate of appealability is denied.

### IV. Conclusion

Mr. Wadlington's petition for writ of habeas corpus is denied and dismissed, with prejudice. No certificate of appealability will be issued.

IT IS SO ORDERED, this 22nd day of November, 2016.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE